HARNESS *v.* CHURCHMEMBERS LIFE INSURANCE COMPANY ETC. ET AL.

[No. 19,180. Filed December 22, 1959.]

*Lewis C. Bose* and *Charles W. Symmes,* both of Indianapolis, for appellant.

*Rocap, Rocap, Reese & Robb,* of Indianapolis, for appellee, George F. Kopetsky.

*William C. Harrison* and *Johnson & Weaver,* both of Indianapolis, for appellees Churchmembers Life Insurance Company and Glen Ashmore.

PER CURIAM.—This cause comes to us from a Superior Court of Marion County wherein the trial court sustained a demurrer to the appellant's complaint.

For a review of the record and the briefs now before us, it appears that the trial court sustained the demurrers upon the authority of the following cases: *Plotzki* v. *Standard Oil Co.* (1950), 228 Ind. 518, 92 N. E. 2d 632, and *Neal, Admr.* v. *Home Builders, Inc.* (1953), 232 Ind. 160, 111 N. E. 2d 280, 111 N. E. 2d 713.

It appearing that two Judges of each division of the Appellate Court are of the opinion that the ruling precedent of the Supreme Court as established by the majority opinions in each of the aforesaid cases are erroneous in that the doctrine announced therein on the question of attractive nuisances, and that the dissenting opinions in each of the foregoing cases correctly state the law as should be applied to the factual situation that appears in this cause.

An equal number of this court are of the opinion that the true doctrine of the law which should apply in this particular case was announced in the first instance prior to transfer in *Neal, Admr.* v. *Home Builders, Inc.* (1952), 104 N. E. 2d 395. Note: The Appellate Court decision was reviewed and approved in 27 N. Y. U. Law Review at 722. For criticism of the doctrine announced in the Plotzki case, *supra,* see 26 Ind. Law Journal, 266.

By reason of the statement which we have heretofore made, we transfer this cause to the Supreme Court pursuant to §4-215, Burns' 1946 Replacement.

NOTE.—Reported in 163 N. E. 2d 37.